HON. TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| TWIN HARBORS WATERKEEPER, | ) | No. 3:24-cv-06011-TMC |
| Plaintiff, | ) | |
| v. | ) | CONSENT DECREE |
| | ) | |
| SIERRA PACIFIC INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.     STIPULATIONS

Plaintiff Twin Harbors Waterkeeper ("Waterkeeper") issued a notice of intent to sue to Sierra Pacific Industries, Inc. ("Sierra Pacific") dated September 20, 2024 ("sixty-day notice"), and filed a complaint on December 11, 2024 against Sierra Pacific alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of stormwater and other pollutants from Sierra Pacific's industrial facility, located at or about 301 Hagara Street, Aberdeen, WA, covered under NPDES permit no. WAR005566 (the "Facility" or "Site"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs. *See* Dkt. 1. Sierra Pacific waived service of the complaint on February 28, 2025. *See* Dkt. 5.

CONSENT DECREE
No. 3:24-cv-06011-TMC
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Sierra Pacific contends that Waterkeeper's claims are without merit, denies Waterkeeper' allegations of ongoing violations, denies liability for all claims alleged by Waterkeeper, and denies that Waterkeeper is entitled to any relief whatsoever.

Solely for the purposes of this Consent Decree, Sierra Pacific and Waterkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waterkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 14th day of July, 2025

K&L GATES, LLP

By _____
Endre Szalay, WSBA #53898
Craig Trueblood, WSBA #18357
*Attorneys for Defendant Sierra Pacific*
*Industries, Inc.*

SIERRA PACIFIC INDUSTRIES, INC.

By _____
Mark Emmerson, Chief Executive Officer

SMITH & LOWNEY, PLLC

By */s Marc Zemel*
Marc Zemel, WSBA #44325
*/s Katelyn Kinn*
Katelyn Kinn, WSBA #42686
*Attorneys for Plaintiff Twin Harbors Waterkeeper*

TWIN HARBORS WATERKEEPER

By *Eleanor E. Hines*
Eleanor Hines, Executive Director

CONSENT DECREE
No. 3:24-cv-06011-TMC
2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## II.    ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    This Court has jurisdiction over the Parties and subject matter of this action.

2.    Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3.    This Consent Decree applies to and binds the Parties and their successors and assigns.

4.    This Consent Decree and any injunctive relief ordered within applies solely to Sierra Pacific's operation and oversight of the Facility, which includes contiguous parcels and parcels East of Haraga Street, subject to NPDES Permit No. WAR005566.

5.    This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation and oversight of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Sierra Pacific's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims

CONSENT DECREE
No. 3:24-cv-06011-TMC
3

1

2   Waterkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known

3   or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in

4   the Litigation. Enforcement of this Consent Decree is Waterkeeper's exclusive remedy for

5   any violation of its terms. Waterkeeper, including its officers, directors, or agents will not

6   initiate any lawsuits or potential lawsuits against Sierra Pacific, including its officers,

7   directors, agents, and employees, alleging violations of the CWA at the Facility during the

8   term of the Consent Decree.

9       6.      This Consent Decree is a settlement of disputed facts and law. It is not an admission

10  or adjudication regarding any allegations by Waterkeeper in this case or of any fact or conclusion

11  of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of

12  Sierra Pacific. Sierra Pacific agrees to the terms and conditions identified below in paragraphs 7-8

13  in full and complete satisfaction of all the claims covered by this Consent Decree:

14      7.      Upon entry of the consent decree, Sierra Pacific will implement the following

15  terms and conditions during the term of this Consent Decree:

16              a.  Sierra Pacific will adhere to the requirements of the Clean Water Act at the

17                  Facility and the terms and conditions of the Industrial Stormwater General

18                  Permit ("ISGP"), as well as any successor or modified permit authorizing

19                  discharges of stormwater associated with industrial activity from the

20                  Facility. Nothing in this sub-paragraph affects Sierra Pacific's ability to

21                  modify the ISGP coverage for the Facility as permitted under the terms and

22                  conditions of the ISGP or as otherwise authorized by law, or to appeal the

23

CONSENT DECREE
No. 3:24-cv-06011-TMC
4

ISGP or any successor permits.

b.  Sierra Pacific will, on a quarterly basis, electronically (1) forward to Waterkeeper copies of all communications with and submissions to the Department of Ecology related to the Facility, and (2) provide Waterkeeper with a progress report that describes its efforts to comply with this Consent Decree.

c.  Within thirty (30) days of Sierra Pacific meeting each specific milestone in this Consent Decree, Sierra Pacific will provide Waterkeeper with a report of its work completed to meet the milestone.

d.  Sierra Pacific will immediately maintain outfall "OF5"[1] as a designated sample point under the ISGP, in addition to outfall "OF4."

e.  Before October 1, 2025, Sierra Pacific will complete the following at Gate 5, at the southeastern corner of Facility Basin 7: (1) repair and permanently stabilize the earthen slope connecting the Gate 5 driveway to the adjacent drainage ditch; and, (2) install a trench drain at Gate 5 (similar to the trench drain recently installed at Gate 1) to collect stormwater at this location, and install piping and/or a new sump station with diversion structures as necessary to direct runoff from Gate 5 to the existing treatment system (e.g., the Sedimentation Basin) and monitoring point OF4, or to a new designed

---

[1] Names used for specific locations or features at the Facility in this Consent Decree are consistent with the names used in the Facility's Stormwater Pollution Prevention Plan (SWPPP).

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

stormwater discharge monitoring location ("OF6").

  f. Before October 1, 2025, Sierra Pacific will complete the following in connection with the Gate 4, Pump Station 3, and Basin 5 areas of the Facility: (1) install a berm and trench drain at Gate 4 (similar to the trench drain recently installed at Gate 1) and connect the trench drain to Pump Station 3; (2) Sierra Pacific will hire a qualified consultant to preform hydrologic modeling using the Department of Ecology's approved Western Washington Hydrologic Model (WWHM) to determine the appropriate design pumping and treatment flow rate for Basin 5 and Pump Station 3 (accounting for the berm and trench drain improvements); and, (3) based on the results of the WWHM output, upgrade or augment the Pump Station 3 sump and/or pump capacity, and associated piping if necessary to meet the water quality treatment standard per section III-2.6 of the 2024 Stormwater Management Manual for Western Washington for capturing 91% of the average runoff volume of stormwater from Basin 5 (other than the employee parking area).

  g. Sierra Pacific will hire a qualified consultant to complete an inspection of the full perimeter of the Facility within thirty (30) days of entry of the Consent Decree to ensure that all locations of potential gaps for stormwater exit are appropriately curbed or bermed to prevent offsite discharge. If any such locations of potential gaps are observed, within thirty (30) days of the inspection, Sierra Pacific will make structural improvements to close the

CONSENT DECREE
No. 3:24-cv-06011-TMC
  6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1

2   gaps. On a monthly basis after Sierra Pacific's initial perimeter inspection,

3   Sierra Pacific will continue to inspect any locations identified during the

4   initial perimeter inspection to have potential gaps in the berm, to ensure that

5   structural improvements implemented in response are effective.

6   h.  Within thirty (30) days of entry of the Consent Decree, Sierra Pacific will

7       install a drip pan under the motor at the northern end of the Facility to catch

8       any leaking or dripping oil. Sierra Pacific will promptly and properly dispose

9       of any oil collected in the drip pan.

10  i.  Immediately upon entry of the Consent Decree, Sierra Pacific will vacuum

11      sweep the segment of Hagara Street that borders the Facility at least twice

12      weekly.

13  j.  No later than the date of entry of the Consent Decree, Sierra Pacific will hire

14      a qualified consultant to draft a project plan describing remediation to the

15      drainage ditch running along the west side of Hagara Street. The plan will

16      include digging out polluted sediment, including all discolored sediment,

17      from the entire length of the Hagara Street drainage ditch between Gates 4

18      and 5, and the proper disposal of all removed sediment. The plan will also

19      include planting native vegetation along the inside of the ditch, to be planted

20      at a time that makes plant survival likely. The design and specifics will be

21      determined by the consultant.

22      i.  Not later than ten (10) days following entry of the Consent Decree,

23

CONSENT DECREE
No. 3:24-cv-06011-TMC
7

Sierra Pacific will share a copy of the ditch remediation project plan with Waterkeeper. Waterkeeper may provide comments and suggestions within ten (10) days of receipt of the plan, which Sierra Pacific will consider in good faith. If any of Waterkeeper's comments are not incorporated into a revised ditch remediation plan, Sierra Pacific will respond in writing with a detailed explanation of why each comment is not incorporated. Sierra Pacific has no obligation to incorporate Waterkeeper's comments.

ii. The parties acknowledge that implementation of this Hagara Street ditch remediation may require and thus may be contingent upon receiving any necessary approvals from the County of Grays Harbor. Sierra Pacific will undertake diligent efforts to secure such approvals so that implementation of the ditch remediation project plan can be completed by no later than October 1, 2025.

k. Within thirty (30) days of entry of the Consent Decree, Sierra Pacific will make the following revisions for its Facility SWPPP:

i. Replace references to the 2019 Stormwater Management Manual for Western Washington to reference the 2024 manual, and update language to reflect any substantive changes in the 2024 manual.

ii. Update the site map as follows:

1) On figures 2, 4, and 5, add stormwater directional lines in

CONSENT DECREE
No. 3:24-cv-06011-TMC
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

the COGEN Area at the southeastern corner of the Facility
to show that stormwater flows around the transformer into
the ditch from Gate 5,

2) On figures 2, 3, and 4, label Gates 2 and 3,

3) On all figures, label the unnamed tributary to the Chehalis
River which runs along the southern perimeter of the
Facility and to which Sierra Pacific discharges,

4) On figures 3, 4, and 5, add labels for the location of the
Chehalis River,

iii.   Add and label the location (and drainage, using directional arrows)
for the fueling station,

iv.   On figures 2, 4, and 5, add and label the location of the "Basin 5
swale."

v.   Add all infrastructure updates, BMPs and new sampling points
identified in this Consent Decree, and make all corresponding
changes to the sampling plan and site map.

vi.   Within 30 days of any SWPPP updates based on the perimeter
inventory and/or follow up inspections of potential gaps in the berm,
Sierra Pacific will provide Waterkeeper with a copy of the updated
SWPPP.

8.   Payment for Environmentally Beneficial Projects: Within seven (7) days of

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

2    entry of this Consent Decree, Sierra Pacific will pay $450,000 (FOUR HUNDRED FIFTY

3    THOUSAND DOLLARS to be distributed as follows to the specified recipients for use solely

4    for projects that benefit water quality within fifty miles of the Facility, as described in Exhibit

5    1, Exhibit 2 and Exhibit 3 to this Consent Decree.

6             a.    $150,000 (ONE HUNDRED FIFTY THOUSAND DOLLARS) will be

7    made payable to the Quinault Indian Nation. The check will be delivered to Quinault

8    Indian Nation, Office Attorney General, Att: Karen Allston, PO Box 613, Taholah, WA

9    98587. Payment will include the following reference in a cover letter or on the check:

10   "Consent Decree, Twin Harbors Waterkeeper v. Sierra Pacific Industries, Inc., W.D.

11   Wash. No. 3:24-cv-06011-TMC."

12            b.    $150,000 (ONE HUNDRED FIFTY THOUSAND DOLLARS) will be

13   made payable to The Confederated Tribes of the Chehalis Reservation. The check will

14   be delivered to The Confederated Tribes of the Chehalis Reservation, Department of

15   Natural Resources, Attn: Colleen Parrott, PO Box 536, Oakville, WA 98568. Payment

16   will include the following reference in a cover letter or on the check: "Consent Decree,

17   Twin Harbors Waterkeeper v. Sierra Pacific Industries, Inc., W.D. Wash. No. 3:24-cv-

18   06011-TMC."

19            c.    $150,000 (ONE HUNDRED FIFTY THOUSAND DOLLARS) will be

20   made payable to the Shoalwater Bay Indian Tribe. The check will be delivered to

21   Shoalwater Bay Indian Tribe, Att: Roberta Merkel, Controller, PO Box 130, Tokeland,

22   WA 98590. Payment will include the following reference in a cover letter or on the

23

CONSENT DECREE
No. 3:24-cv-06011-TMC
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1

2    check: "Consent Decree, Twin Harbors Waterkeeper v. Sierra Pacific Industries, Inc.,

3    W.D. Wash. No. 3:24-cv-06011-TMC."

4        d.    Simultaneously, Sierra Pacific's will send a copy of each of the checks

5    and cover letters, if any, to Waterkeeper and its counsel.

6    9.    Within seven (7) days of entry of this Consent Decree by the Court, Sierra

7    Pacific will pay Waterkeeper's litigation fees, expenses, and costs (including reasonable

8    attorneys and expert witness fees) in the amount of $124,200 (ONE HUNDRED TWENTY-

9    FOUR THOUSAND TWO HUNDRED DOLLARS) in full and complete satisfaction of any

10   claims Waterkeeper may have against Sierra Pacific under the CWA for attorney fees and

11   litigation costs and expenses incurred in this matter. Such payment shall be made by check

12   payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn:

13   Marc Zemel. Waterkeeper's above-signed counsel hereby certifies that the actual costs and fees

14   incurred in pursuing Waterkeeper's claims against Sierra Pacific in this matter equal or exceed

15   $124,200.

16   10.    A force majeure event is any event outside the reasonable control of Sierra

17   Pacific that causes a delay in performing tasks required by this Consent Decree that cannot be

18   cured by due diligence. Delay in performance of a task required by this Consent Decree caused

19   by a force majeure event is not a failure to comply with the terms of this Consent Decree,

20   provided that Sierra Pacific timely notifies Waterkeeper of the event, the steps that Sierra

21   Pacific will take to perform the task, the projected time that will be needed to complete the task,

22

23

CONSENT DECREE
No. 3:24-cv-06011-TMC
11

and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11.    Sierra Pacific will notify Waterkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Sierra Pacific becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include:

      a.    Acts of God, war, insurrection, or civil disturbance;

      b.    Earthquakes, landslides, fire, floods;

      c.    Actions or inactions of third parties over which Sierra Pacific's has no or limited control;

      d.    Adverse weather conditions;

      e.    Restraint by court order or order of public authority;

      f.    Strikes;

      g.    Any permit or other approval sought by Sierra Pacific from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Sierra Pacific has timely and in good faith sought the permit or approval;

      h.    Litigation, arbitration, or mediation that causes delay;

      i.    Epidemics and pandemics;

      j.    Supply chain issues and delays.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

2          12.      This Court retains jurisdiction over this matter, while this Consent Decree remains

3   in force. While this Consent Decree remains in force, this case may be reopened without filing fees

4   so that the Parties may apply to the Court for any further order that may be necessary to enforce

5   compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of

6   this Consent Decree. In the event of a dispute regarding implementation of, or compliance with,

7   this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the

8   dispute and any suggested measures for resolving the dispute. The Party identifying or wishing to

9   raise an issue or dispute must provide the other Party and its counsel of record a written notice

10  detailing the nature of the issue or dispute ("Notice of Dispute"). A meeting will be held as soon as

11  practical but must be held within thirty (30) days after such Notice of Dispute. If no resolution is

12  reached at that meeting or within thirty (30) days of the Notice of Dispute, either Party may file a

13  motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water

14  Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and

15  expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional

16  court proceedings necessary to enforce the terms and conditions of this Consent Decree.

17         13.      The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment

18  can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five

19  (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney

20  General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore,

21  upon the filing of this Consent Decree by the parties, Waterkeeper will serve copies of it upon the

22  Administrator of the U.S. EPA and the U.S. Attorney General.

23

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

2
14.     This Consent Decree will take effect upon entry by this Court. The Consent Decree

3
terminates two (2) years after that date, or upon completion of the site improvement projects

4
described in Paragraph II.7. of this Consent Decree, whichever is later (the "Termination Date").

5
The provisions of this Consent Decree, except for Waterkeeper's release of claims described in

6
Paragraphs II.5. and II.9. of this Consent Decree, terminate on the Termination Date.

7
15.     Both Parties have participated in drafting this Consent Decree.

8
16.     This Consent Decree may be modified only upon a writing signed by both Parties

9
and the approval of the Court. The Parties agree to consider in good faith any request for

10
modification of the terms of this Consent Decree.

11
17.     If for any reason the Court should decline to approve this Consent Decree in the

12
form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree

13
to continue negotiations in good faith to cure any objection raised by the Court to entry of this

14
Consent Decree.

15
18.     Notifications required by this Consent Decree must be in writing. The sending Party

16
may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified

17
mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized

18
overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding

19
this Consent Decree to be valid, it must be delivered to the receiving Party at the one or more

20
addresses listed below or to any other address designated by the receiving Party in a notice in

21
accordance with this paragraph.

22
**If to Twin Harbors Waterkeeper**:

23

CONSENT DECREE
No. 3:24-cv-06011-TMC
14

Lee First
Twin Harbors Waterkeeper
PO Box 751
Cosmopolis, WA 98537
Email: lee@twinharborswaterkeeper.org

**And to**:

Marc Zemel
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email: marc@smithandlowney.com

**If to Sierra Pacific:**

General Counsel
Sierra Pacific Industries
PO Box 496028
Redding, CA 96049-6028
(530) 378-8000

**And to:**

Endre Szalay
K&L Gates, LLP
925 4th Ave #2900
Seattle, WA 98104
Email: Endre.Szalay@klgates.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by

CONSENT DECREE
No. 3:24-cv-06011-TMC
15

registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated

by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept

it, or if it cannot be delivered because of a change in address for which no notice was given, then

upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, on the date

sent provided no bounce-back or failure notice is received..


        DATED this 5th day of September, 2025.


                                        _____
                                        HON. TIFFANY M. CARTWRIGHT
                                        UNITED STATES DISTRICT JUDGE

Presented by:


K&L GATES, LLP                          SMITH & LOWNEY, PLLC

By _____               By */s Marc Zemel*
Endre Szalay, WSBA #                    Marc Zemel, WSBA #44325
*Attorney for Defendant Sierra Pacific*   */s Katelyn Kinn*
*Industries, Inc.*                        Katelyn Kinn, WSBA #42686
                                        *Attorneys for Plaintiff Twin Harbors Waterkeeper*


CONSENT DECREE
No. 3:24-cv-06011-TMC
16